Opinion
COLE, P. J.
The surety appeals from an order denying its motion to vacate and set aside a previously ordered forfeiture of a bail bond. The operative facts are as follows. The parties concede (although our record does not so reflect) that the bond indicated that defendant was to appear (it is not clear for what purpose) on December 1, 1975. The docket indicates an “appearance date” as December 3, 1975. No court appearance occurred on either December 1 or December 2, 1975. The docket shows that on December 3, 1975, the cause was called, that defendant was not in court nor represented and that bail was ordered forfeited. Thereafter, the clerk duly gave notice of the forfeiture and appellant moved to vacate and set it aside within the time required by Penal Code section 1305.
It is conceded that if the court had ordered defendant to appear on December 1, 1975, its failure to order the bond forfeited on that date, in the absence of some good excuse either appearing on the minutes (People v. United Bonding Ins. Co. (1971) 5 Cal.3d 898, 907 [98 Cal.Rptr. 57, 489 P.2d 1385]) or reasonably believed by the court to exist under *Supp. 9 subdivision (b) of section 1305 (People v. Wilshire Ins. Co. (1975) 53 Cal.App.3d 256, 261 [125 Cal.Rptr. 529]) deprives the court of jurisdiction later to declare a forfeiture.
But here, the court did not order defendant to appear on December 1, 1975. Under the conceded facts any obligation he had to appear on that date was the result of a contractual agreement between him and the bonding company. The obligation created by that agreement is not within the ambit of section 1305. The section applies “If, without sufficient excuse, the defendant neglects to appear for arraignment or for trial or judgment, or upon any other occasion when his presence in court is lawfully required, or to surrender himself in execution of the judgment 5?
It is manifest that a court order establishes the date upon which a defendant is to be arraigned, tried or adjudged. Under the rule of ejusdem generis, general words following specific terms are limited in meaning to things analogous to the specific terms. {People v. Collins (1969) 273 Cal.App.2d 1, 4 [77 Cal.Rptr. 741].) We hold, accordingly, there being no other authority on the subject of which we are aware, that the court did not lose jurisdiction by failing to declare a forfeiture of the bail bond when defendant failed to appear in court on the date agreed upon by defendant and the bonding company.
Only when a defendant fails to appear on a date ordered by the court (or otherwise required by law, such as to surrender for judgment (see Pen. Code, §§ 1194-1199)) do the provisions of section 1305 require that a forfeiture be declared in the absence of an excuse or a reasonable belief that an excuse may exist. Thus, the court did have jurisdiction to declare a forfeiture in the present case since, on December 3, 1975, the first date upon which defendant had been ordered by the court to appear, he was not present and no one appeared on his behalf.
The order appealed from is affirmed.
Alarcon, J., and Wenke, J., concurred.