[No. B185427. Second Dist., Div. One. Nov. 22, 2006.]

THE PEOPLE, Plaintiff and Respondent, v.
RANGER INSURANCE COMPANY, Defendant and Appellant.

**COUNSEL**

Nunez & Bernstein and E. Alan Nunez for Defendant and Appellant.

Raymond G. Fortner, Jr., County Counsel, and Brian T. Chu, Deputy County Counsel, for Plaintiff and Respondent.

**OPINION**

**VOGEL, Acting P. J.**—Penal Code section 1305, subdivision (a), provides, as relevant, that bail shall be forfeited "if, without sufficient excuse, a defendant fails to appear for . . . [a]ny . . . [¶] . . . [¶] . . . occasion prior to the pronouncement of judgment if the defendant's presence in court is lawfully required. [¶] . . . [¶] However, the court shall not have jurisdiction to declare a forfeiture and the bail shall be released of all obligations under the bond if the case is dismissed or if no complaint is filed within 15 days from the date of arraignment."[1] The question in this case is whether "15 days from the date of arraignment" means (as Ranger Insurance Company contends) *15 days after the arraignment date originally set by the jailor*, or (as the People contend) *some number of days before a later date to which the arraignment was postponed by the prosecuting agency*. We agree with Ranger.

## FACTS

### A.

In December 2003, Brittany Katora Cook was arrested and incarcerated.

On December 23, Ranger Insurance Company posted a $20,000 bail bond for Cook's release, and Cook was ordered by the jailor and notified by the bond to appear in court on January 22, 2004, to answer charges "in any accusatory pleading based upon the acts supporting the complaint" filed against her.

On January 13, 2004, the Redondo Beach Police Department mailed a "Notice Regarding Arraignment Date" to Cook, advising her that, "[d]ue to

---

[1] All section references are to the Penal Code.

investigative delay, a criminal complaint ha[d] not yet been filed by the prosecutor with the court." She was told to appear on February 26, 2004, not "on the date [she was] previously given."[2] Neither Cook nor the prosecutor appeared on January 22, 2004, and there is no minute order for that date.

On February 19, the Redondo Beach Police Department mailed a second "Notice Regarding Arraignment Date" to Cook, advising her again that, "[d]ue to investigative delay, a criminal complaint ha[d] not yet been filed by the prosecutor with the court." She was told not to appear in court "on the date [she was] previously given," but to appear instead on March 25, 2004. (See fn. 2, *ante*.) Neither Cook nor the prosecutor appeared on February 26, and there is no minute order for that date.

A felony complaint was filed on March 18, charging Cook with two counts of felony theft in violation of section 484e, subdivision (d). As directed, Cook appeared in court on March 25, at which time counsel was appointed. Cook waived formal arraignment, entered not guilty pleas to both counts, and was ordered to appear for a preliminary hearing on April 29, bail to stand.

Cook failed to appear on April 29. Bail was forfeited, a bench warrant was issued, and the court notified Ranger that bail was forfeited. On January 5, 2005, the court entered summary judgment against Ranger on the forfeited bond.

## B.

In February 2005, Ranger moved to vacate the summary judgment, contending the trial court had lost jurisdiction over the bond when the People failed to file a complaint within 15 days of Cook's original arraignment date (that is, 15 days after January 22, 2004, which would have been February 6, 2004).[3] The People opposed the motion, conceding the facts but disputing

---

[2] The notice is not a Judicial Council form, and the parties do not claim it was sent by the court. It is not signed by a judicial officer, and the declaration of mailing refers to the sender as an "agency," not the court. In short, the police department told Cook the date had been changed.

[3] Subdivision (a) of section 1305 provides: "A court shall in open court declare forfeited the undertaking of bail or the money or property deposited as bail if, without sufficient excuse, a defendant fails to appear for any of the following: [¶] (1) Arraignment. [¶] (2) Trial. [¶] (3) Judgment. [¶] (4) *Any other occasion prior to the pronouncement of judgment if the defendant's presence in court is lawfully required.* [¶] (5) To surrender himself or herself in execution of the judgment after appeal. [¶] *However, the court shall not have jurisdiction to declare a forfeiture and the bail shall be released of all obligations under the bond if the case is dismissed or if no complaint is filed within 15 days from the date of arraignment.*" (Italics added.)

Ranger's calculation and claiming section 1305, subdivision (a), is satisfied because the March 18 complaint was filed seven days before the actual date of arraignment (March 25). Following further briefing and a hearing, the trial court denied Ranger's motion.

## DISCUSSION

Ranger contends the trial court lacked jurisdiction to forfeit the bond on April 29, having lost it on February 6 when the bond was exonerated as a matter of law. We agree.

### A.

When bail is posted, the officer in charge of the jail in which the bailee is held issues and signs an order for the release of the arrested person, sets the time and place for her appearance before the court, and gives notice thereof. (§ 1269b, subd. (a).) If the person fails to appear as ordered, sections 1305 and 1306 apply. (§ 1269b, subd. (h).)

Subdivision (a) of section 1305 provides, as relevant, that bail may be forfeited "if, without sufficient excuse, a defendant fails to appear for . . . [¶] . . . [¶] . . . [a]ny . . . *occasion prior to the pronouncement of judgment if the defendant's presence in court is lawfully required.* [¶] . . . [¶] *However, the court shall not have jurisdiction to declare a forfeiture and the bail shall be released of all obligations under the bond if the case is dismissed or if no complaint is filed within 15 days from the date of arraignment.*" (Italics added.) To avoid forfeitures, the time limits imposed by the bond statutes must be strictly construed in favor of the surety, and the court has no jurisdiction to act beyond the times set by the Legislature. (*People v. Ranger Ins. Co.* (1999) 76 Cal.App.4th 326, 328–329 [90 Cal.Rptr.2d 320]; *County of Los Angeles v. Surety Ins. Co.* (1984) 162 Cal.App.3d 58, 62 [208 Cal.Rptr. 263]; *People v. Topa Ins. Co.* (1995) 32 Cal.App.4th 296, 300 [38 Cal.Rptr.2d 167]; *People v. Stuyvesant Ins. Co.* (1963) 216 Cal.App.2d 380, 381–382 [31 Cal.Rptr. 208].)

It is only when a defendant fails to appear on a date she is "lawfully required" to appear that section 1305 requires a forfeiture. (See *People v. National Auto. & Cas. Ins. Co.* (1977) 77 Cal.App.3d Supp. 7, 9 [143 Cal.Rptr. 540]; *People v. Classified Ins. Corp.* (1985) 164 Cal.App.3d 341, 345 [210 Cal.Rptr. 162].)[4] According to Ranger, Cook's failure to appear on the

---

[4] Cook was lawfully required to appear on January 22. Subdivision (a) of section 1269b authorizes specified jail personnel, upon presentation of an admitted surety's bond, "to issue and sign an order for the release of the arrested person, and to set a time and place for the

arraignment date set by the jailor (January 22) deprived the court of jurisdiction to thereafter forfeit the bond because there were no court orders continuing the arraignment date (in short, the original arraignment date is the only date that matters, and the complaint was not filed 15 days *after* that date). According to the People, it is immaterial that the original arraignment date was postponed because the complaint was filed 15 days *before* the actual arraignment. We agree with Ranger.

## B.

The legislative history of the 15-day provision supports Ranger's position.

## 1.

California has had a bail forfeiture statute in one form or another since the 1872 enactment of the Penal Code. In the 1980's, former section 1305, subdivision (a), provided that "[i]f, without sufficient excuse, the defendant neglects to appear for arraignment or for trial or judgment, or upon any other occasion when his or her presence in court is lawfully required, . . . the court must direct the fact to be entered upon its minutes, and the undertaking of bail . . . must thereupon be declared forfeited . . . ." (Stats. 1986, ch. 1398, § 6, pp. 5001–5002.)

In 1987, former section 1305, subdivision (a), was amended to add a 15-day provision: "If, without sufficient excuse, the defendant neglects to appear for arraignment or for trial or judgment, or upon any other occasion when his or her presence in court is lawfully required, . . . the court must direct the fact to be entered upon its minutes, and, *unless within 15 court days from arraignment no complaint has been filed or the charges have been dismissed,* the undertaking of bail . . . must thereupon be declared forfeited . . . ." (Stats. 1987, ch. 1081, § 1, p. 3660, italics added.)

---

appearance of the arrested person before the appropriate court and give notice thereof." Because Cook was released on December 23, 2003, it is clear that the jailor accepted Ranger's bond and issued an order to Cook to appear in court for arraignment on January 22, 2004 (and it is undisputed that notice of the order to appear was given by the bond). Subdivision (h) of section 1269b provides that a defendant's failure to appear as ordered under subdivision (a) triggers sections 1305 and 1306. Subdivision (a) of section 1305 compels the court to declare a forfeiture of bail if, without excuse, the defendant fails to appear for arraignment or at any time her presence is "lawfully required." At least two cases have nevertheless concluded (without any mention of section 1269b) that, absent a court order issued upon the defendant's release from bail, the defendant is not "lawfully required" to appear on the date indicated in the bond. (*People v. National Auto. & Cas. Ins. Co., supra,* 77 Cal.App.3d at pp. Supp. 8–9; *People v. Classified Ins. Corp., supra,* 164 Cal.App.3d at pp. 344–347.) Because these cases do not mention (let alone discuss) section 1269b, they are not inconsistent with our conclusion that Cook was lawfully required to appear on January 22.

In 1993, former section 1305 was repealed and a new section 1305 was added (Stats. 1993, ch. 524, §§ 1, 2, pp. 2702–2704), including the subdivision (a) language at issue on this appeal: *"However, the court shall not have jurisdiction to declare a forfeiture and the bail shall be released of all obligations under the bond if the case is dismissed or if no complaint is filed within 15 days from the date of arraignment."* (Italics added.)

**2.**

The 1987 amendment to former section 1305, subdivision (a), was intended to eliminate the requirement of exoneration if no complaint is filed or if the charges are dismissed within 15 days after the original arraignment date. According to the bill's author (Senator Robbins), "[w]hen no charges are filed there is no necessity to have the defendant appear in court. This bill would permit bail to be returned without appearance before the court, and save the court time." (Assem. Com. on Public Safety, Rep. on Sen. Bill No. 316 (1987–1988 Reg. Sess.) as introduced Aug. 18, 1987.)

The Assembly Committee on Public Safety explained the need for the 15-day time limit: "This bill provides that no forfeiture shall occur if 'no complaint is filed.' For a variety of reasons (further investigation to locate a witness or incomplete lab analysis, for example) a complaint may not be filed in a case for some time after a person is arrested and has bailed out. *The district attorney may notify the bondsman that the defendant does not have to appear in court for another two weeks, but by that time a complaint will be filed.* [¶] The defendant benefits by not having his or her bail exonerated before charges are actually filed because there will be no need to reapply for bail and pay additional fees. [¶] The law enforcement [agency] and the court benefit by not having bail exonerated because *if bail is exonerated at the first scheduled court appearance (when charges have not yet been filed)* the district attorney will have to prepare a warrant request, to be signed by a judge, and served by law enforcement in order to resecure the defendant's appearance. The defendant will also risk rearrest on the same charge. [¶] This problem could be alleviated if the bill provided for a fixed time frame after which bail could be automatically exonerated." (Assem. Com. on Public Safety, Rep. on Sen. Bill No. 316 (1987–1988 Reg. Sess.) as introduced Aug. 18, 1987, some italics added.)[5]

---

[5] The 15-day period conforms to other laws, including section 1303, which provides that if "an action or proceeding against a defendant who has been admitted to bail is dismissed, the bail shall not be exonerated until a period of 15 days has elapsed since the entry of the order of dismissal." What this means is that when charges are dismissed and the defendant released, the same bail may be used if the defendant is rearrested within 15 days (because the bail is not exonerated until the 15 days have elapsed). (Assem. Com. on Public Safety, Rep. on Sen. Bill No. 316 (1987–1988 Reg. Sess.) as introduced Aug. 18, 1987.) With this point in mind, the

As amended to include the 15-day time limit, the bill was adopted. (Stats. 1987, ch. 1081, § 1, p. 3660.) The 1993 repeal of former section 1305, subdivision (a), and enactment of the current version of section 1305, subdivision (a), carried forward these same principles.

## C.

■ Cook was ordered by the jailor to appear on January 22, and thus was lawfully required to appear for arraignment on that date. (§ 1269b, subds. (a), (h).) She did not appear on January 22 because the Redondo Beach Police Department told her to appear instead on February 26, then told her to appear on March 25 (at which time she appeared and was arraigned but then failed to appear in April as ordered). Because the complaint was not filed "15 days from the date of arraignment" (it was not filed until March 18), bail was exonerated on February 6 (15 days after the original date of arraignment). By the time Cook failed to appear for her April court date, the trial court had no jurisdiction to forfeit the bond.

To avoid this conclusion, the People treat the January 13 and February 19 notices from the Redondo Beach Police Department as court orders requiring Cook's attendance on the dates specified in the notices. But that is not what they are, and no sleight of hand can transform them into something they are not. At best, the notices provided good cause for Cook's failure to appear on January 22, at which time the court could have continued the case for a reasonable time "without ordering a forfeiture of bail or issuing a bench warrant" and retained jurisdiction to forfeit the bond if Cook later failed to appear. (§ 1305.1; see *People v. Amwest Surety Ins. Co.* (1997) 56 Cal.App.4th 915, 922 [66 Cal.Rptr.2d 29]; cf. *People v. Ranger Ins. Co.* (1998) 66 Cal.App.4th 1549, 1553 [78 Cal.Rptr.2d 763] [the day set for trial is the day set for trial, whether it occurs or not].) But that is not what happened, and the record affirmatively shows no orders were made on January 22 (or at any time before Cook was arraigned on March 25).

Because the complaint was not filed 15 days after January 22, and because the court did not continue the case on January 22 (or otherwise order Cook to return on a later date), the bond was exonerated on February 6. As a result, the court had no jurisdiction to forfeit bail at the April 29 hearing.

---

language at issue here—"the court shall not have jurisdiction to declare a forfeiture . . . under the bond if the case is dismissed or if no complaint is filed within 15 days from the date of arraignment"—has to mean *after* the original arraignment date.

## DISPOSITION

The judgment forfeiting the bond and the order denying Ranger's motion to vacate the judgment are reversed, and the cause is remanded to the trial court with directions to exonerate the bond. Ranger is entitled to its costs of appeal.

Rothschild, J., and Jackson, J.,[*] concurred.

Respondent's petition for review by the Supreme Court was denied February 7, 2007, S149124.

---

[*]Judge of the Los Angeles Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.