[No. G040720. Fourth Dist., Div. Three. Nov. 9, 2009.]

THE PEOPLE, Plaintiff and Respondent, v.
AMERICAN SURETY INSURANCE COMPANY, Defendant and
Appellant.

---

**COUNSEL**

Nunez & Bernstein and E. Alan Nunez for Defendant and Appellant.

Benjamin P. de Mayo, County Counsel, and Leon J. Page, Deputy County Counsel, for Plaintiff and Respondent.

---

**OPINION**

**BEDSWORTH, J.**—American Surety Insurance Company (American Surety) appeals from judgment for the People forfeiting bail after a motion to set aside the forfeiture was denied. It argues the trial court lost jurisdiction to forfeit bail when the case was not called on the date set for arraignment by the jailer, and there was no jurisdiction on a later arraignment date set by the district attorney. We agree and reverse.

## FACTS

On September 26, 2007, American Surety posted a $20,000 bail bond for the release of Abel Perez on drug possession charges. Perez was ordered to appear on November 1, 2007. There is no record of what transpired on that day—nothing to indicate whether the case was on calendar, whether it was called, or whether Perez was present.

On November 9, 2007, a complaint was filed, along with an arraignment letter from the district attorney to Perez. The letter, entitled "Notice of Complaint Filed" and dated November 8, 2007, said a complaint had been filed and "you are hereby notified to appear" to enter a plea on November 29, 2007. No proof of service appears in the record, nor any other evidence the letter was mailed or received.

Perez failed to appear and the court declared bail forfeited. Notice of the order was sent to American Surety. The court denied a motion to vacate the forfeiture and entered summary judgment on the forfeited bond.

## DISCUSSION

■ American Surety argues the court lacked jurisdiction to order forfeiture of bail because no court order directed Perez to appear for arraignment on November 29, 2007, and the district attorney's letter was not a substitute. We have to agree.

■ A jailer may accept bail from an arrestee and set the time and place for his appearance. (Pen. Code, § 1269b, subd. (a).)[1] If an arrestee "fails to appear at the time and in the court so ordered upon his or her release from custody, Sections 1305 and 1306 apply." (§ 1269b, subd. (h).) Section 1305, subdivision (a) provides: "A court shall in open court declare forfeited the undertaking of bail or the money or property deposited as bail if, without sufficient excuse, a defendant fails to appear for any of the following: [¶] (1) Arraignment. [¶] . . . [¶] (4) Any other occasion prior to the pronouncement of judgment if the defendant's presence in court is lawfully required. [¶] . . . [¶] However, the court shall not have jurisdiction to declare a forfeiture and the bail shall be released of all obligations under the bond if the case is dismissed or if no complaint is filed within 15 days from the date of arraignment."

This case is governed by *People v. Ranger Ins. Co.* (2006) 145 Cal.App.4th 23 [51 Cal.Rptr.3d 326], which held an arraignment letter was not a substitute

---

[1] All subsequent statutory references are to the Penal Code.

for a court order to appear for arraignment. There, one Cook was released on bail and ordered to appear on January 22, 2004. Twice the police department sent Cook a "Notice Regarding Arraignment Date" that said no complaint had yet been filed and directed her to appear on a later date, the second time setting the appearance for March 25, 2004. A complaint was filed on March 18, 2004. (*Id.* at pp. 25–26.) Cook appeared on March 25, entered a not guilty plea, and was ordered to appear for a preliminary hearing on April 29. When she did not show up, bail was forfeited, the surety notified, and subsequently summary judgment was entered against the surety on the forfeited bond.

The court held jurisdiction to forfeit bail was lost when no complaint was filed within 15 days after the arraignment date set by the jailer, so the surety was exonerated. It rejected the People's argument the complaint had been filed within 15 days of arraignment on the date set in the notice based on the theory the police department notice was a court order, explaining, "But that is not what they [the notices] are, and no sleight of hand can transform them into something they are not. At best, the notices provided good cause for Cook's failure to appear on January 22 [the arraignment date set by the jailer], at which time the court could have continued the case for a reasonable time 'without ordering a forfeiture of bail or issuing a bench warrant' and retained jurisdiction to forfeit the bond if Cook later failed to appear. [Citations.]" (*People v. Ranger Ins. Co., supra,* 145 Cal.App.4th at p. 30.)

We conclude the same rule must apply here. There was no court order continuing the appearance date set by the jailer, and the district attorney's notice to appear was not a substitute.[2] Without an order to appear, the court lacked jurisdiction to forfeit bail for failure to appear for arraignment "without sufficient excuse." (§ 1305, subd. (a)(1).) Jurisdiction to forfeit bail is statutory and the statutory mandate was not satisfied here. Whether this is a result of an oversight in documenting an order continuing the appearance, an informal practice that usually works, or something else, we cannot say, but we must be clear a prosecutor's letter is not a court order.

The People argue American Surety did not raise this argument below, so it was waived on appeal. They are correct on the facts, but not the law.

■ It is true the issue was not raised in the trial court. But the question is one of law, not fact, and purely legal issues may be considered for the first time on appeal, particularly when important public policy issues are involved. (*Sea & Sage Audubon Society, Inc. v. Planning Com.* (1983) 34 Cal.3d 412, 417 [194 Cal.Rptr. 357, 668 P.2d 664].) The theory behind the general

---

[2] We note, although it is not necessary to our decision, that there is not a scintilla of evidence the letter in this case was ever mailed, much less received. A fortiori, the case for forfeiture here is weak.

rule—it would be unfair to the opposing party to consider a new theory dependent on undecided fact questions (*Mattco Forge, Inc. v. Arthur Young & Co.* (1997) 52 Cal.App.4th 820, 847 [60 Cal.Rptr.2d 780])—does not apply to questions of law. We consider the issue whether an appearance at arraignment can be compelled by a prosecutor's letter, rather than a court order, of sufficient public importance to decide the question. ■ Moreover, lack of jurisdiction may be raised for the first time on appeal. (*People v. Safety National Casualty Corp.* (2007) 150 Cal.App.4th 11, 17 [57 Cal.Rptr.3d 659].)

On the merits, the People argue forfeiture of bail is mandatory when a defendant fails to appear for arraignment without justification. That is true as far as it goes. But the issue here is whether there was justification for the failure to appear. The People do not acknowledge *Ranger* or make any attempt to distinguish it, nor do they offer authority for the implied proposition the prosecutor's letter was sufficient to compel Perez to appear for the continued arraignment on November 29, 2007. On this record, there was no court order for Perez to appear for arraignment on November 29, 2007, so the court lacked jurisdiction to forfeit bail.

The judgment appealed from is reversed, and the matter is remanded with directions to vacate the forfeiture and exonerate the bond. American Surety is entitled to costs on appeal.

Sills, P. J., and Fybel, J., concurred.