[No. E049430. Fourth Dist., Div. Two. Dec. 6, 2010.]

THE PEOPLE, Plaintiff and Respondent, v.
INDIANA LUMBERMENS MUTUAL INSURANCE COMPANY,
Defendant and Appellant.

824

**COUNSEL**

Law Offices of Brendan Pegg and Brendan Pegg for Defendant and Appellant.

Ruth E. Stringer, County Counsel, and Dawn Stafford, Deputy County Counsel, for Plaintiff and Respondent.

**OPINION**

**McKINSTER, J.**—Indiana Lumbermens Mutual Insurance Company (hereafter the surety) appeals an order denying its motion to set aside the forfeiture of a bail bond. It contends that the bond was exonerated by operation of law, pursuant to Penal Code section 1305, subdivision (a), and that the court lacked jurisdiction to order its forfeiture.[1]

## FACTUAL AND PROCEDURAL HISTORY

The case arose as follows. On September 16, 2008, the surety posted a bond in the amount of $50,000 warranting the appearance of Ivan Beltran Flores to answer felony charges of violating section 422 (criminal threats). Upon posting bail, Flores was ordered to appear in court on October 21, 2008. Flores appeared in court on October 21, 2008. No complaint had yet been filed. The trial court continued the arraignment to December 2, 2008. It ordered the current bond continued because exonerating the bond would cause financial hardship for Flores in that he would be required to pay an additional premium to post a new bond and might also result in his rearrest when charges were filed.

---

[1] An order denying a motion to set aside the forfeiture of a bail bond is appealable if the question on appeal is whether the judgment of forfeiture was entered in compliance with Penal Code section 1305 or section 1306. (*County of Los Angeles v. National Automobile & Casualty Ins. Co.* (1998) 67 Cal.App.4th 271, 274–275, fn. 1 [79 Cal.Rptr.2d 5].) We discuss the provisions of Penal Code section 1305 below.

All further statutory references will be to the Penal Code unless otherwise indicated.

The complaint was filed on November 14, 2008. Flores appeared and was arraigned on December 2, 2008. A pre-preliminary hearing was set for December 10, 2008, and a preliminary hearing for December 12, 2008. Flores did not appear on December 10. The court found that there was no sufficient, legal or justifiable excuse for his failure to appear. It issued a bench warrant and ordered the bond forfeited.

On July 10, 2009, summary judgment was entered against the surety. On August 10, 2009, the surety filed a motion to set aside the summary judgment, arguing that the court had no jurisdiction to forfeit the bond because the complaint was not filed within 15 days of the original date set for Flores's arraignment, as provided for in section 1305, subdivision (a) (hereafter section 1305(a)). On September 8, 2009, the court denied the motion.

The surety filed a timely notice of appeal.

## LEGAL ANALYSIS

### THE COURT LOST JURISDICTION TO ORDER FORFEITURE OF THE BOND

Section 1305(a) provides: "A court shall in open court declare forfeited the undertaking of bail or the money or property deposited as bail if, without sufficient excuse, a defendant fails to appear for any of the following: [¶] (1) Arraignment. [¶] (2) Trial. [¶] (3) Judgment. [¶] (4) Any other occasion prior to the pronouncement of judgment if the defendant's presence in court is lawfully required. [¶] (5) To surrender himself or herself in execution of the judgment after appeal. [¶] *However, the court shall not have jurisdiction to declare a forfeiture and the bail shall be released of all obligations under the bond if the case is dismissed or if no complaint is filed within 15 days from the date of arraignment.*" (Italics added.)

The surety contends that the bond was exonerated as a matter of law when no complaint had been filed within 15 days from October 21, 2008, the original date set for the arraignment. County counsel contends that the 15-day rule does not apply where the court has continued the arraignment to permit the prosecuting agency to file charges. This is a question of statutory interpretation, which we decide de novo. (*People ex rel. Lockyer v. Shamrock Foods Co.* (2000) 24 Cal.4th 415, 432 [101 Cal.Rptr.2d 200, 11 P.3d 956].)

"In construing a statute, our fundamental task is to ascertain the Legislature's intent so as to effectuate the purpose of the statute. [Citation.] We begin with the language of the statute, giving the words their usual and ordinary meaning. [Citation.] The language must be construed 'in the context

of the statute as a whole and the overall statutory scheme, and we give "significance to every word, phrase, sentence, and part of an act in pursuance of the legislative purpose." ' [Citation.]" (*Smith v. Superior Court* (2006) 39 Cal.4th 77, 83 [45 Cal.Rptr.3d 394, 137 P.3d 218].) "If the statutory terms are ambiguous, we may examine extrinsic sources, including the ostensible objects to be achieved and the legislative history. [Citation.] In such circumstances, we choose the construction that comports most closely with the Legislature's apparent intent . . . ." (*Ibid.*) Here, the statutory language is ambiguous. ▮ As county counsel points out, there can be no arraignment until an accusatory pleading, typically a complaint, has been filed. (§ 976, subd. (a) ["When the accusatory pleading is filed, the defendant shall be arraigned thereon . . . ."].) What then does it mean to say that a bond shall be forfeited "if no complaint is filed within 15 days from the date of arraignment"?

In *People v. Ranger Ins. Co.* (2006) 145 Cal.App.4th 23 [51 Cal.Rptr.3d 326] (*Ranger*), on which the parties both rely to support their positions, the court examined the legislative history of the 15-day provision, which was added to the statute in 1987:

"According to the bill's author (Senator Robbins), '[w]hen no charges are filed there is no necessity to have the defendant appear in court. This bill would permit bail to be returned without appearance before the court, and save the court time.' (Assem. Com. on Public Safety, Rep. on Sen. Bill No. 316 (1987–1988 Reg. Sess.) as introduced Aug. 18, 1987.)

"The Assembly Committee on Public Safety explained the need for the 15-day time limit: 'This bill provides that no forfeiture shall occur if "no complaint is filed." For a variety of reasons (further investigation to locate a witness or incomplete lab analysis, for example) a complaint may not be filed in a case for some time after a person is arrested and has bailed out. The district attorney may notify the bondsman that the defendant does not have to appear in court for another two weeks, but by that time a complaint will be filed. [¶] The defendant benefits by not having his or her bail exonerated before charges are actually filed because there will be no need to reapply for bail and pay additional fees. [¶] The law enforcement [agency] and the court benefit by not having bail exonerated because if bail is exonerated at the first scheduled court appearance (when charges have not yet been filed) the district attorney will have to prepare a warrant request, to be signed by a judge, and served by law enforcement in order to resecure the defendant's appearance. The defendant will also risk rearrest on the same charge. [¶] This problem could be alleviated if the bill provided for a fixed time frame after which bail could be automatically exonerated.' (Assem. Com. on Public Safety, Rep. on Sen. Bill No. 316 (1987–1988 Reg. Sess.) as introduced Aug. 18, 1987 . . . .)" (*Ranger, supra*, 145 Cal.App.4th at p. 29, fn. & italics omitted.)

The court went on to state that "[t]he 15-day period conforms to other laws, including section 1303, which provides that if 'an action or proceeding against a defendant who has been admitted to bail is dismissed, the bail shall not be exonerated until a period of 15 days has elapsed since the entry of the order of dismissal.' What this means is that when charges are dismissed and the defendant released, the same bail may be used if the defendant is rearrested within 15 days (because the bail is not exonerated until the 15 days have elapsed). (Assem. Com. on Public Safety, Rep. on Sen. Bill No. 316 (1987–1988 Reg. Sess.) as introduced Aug. 18, 1987.) With this point in mind, the language at issue here—'the court shall not have jurisdiction to declare a forfeiture . . . under the bond if the case is dismissed or if no complaint is filed within 15 days from the date of arraignment'—has to mean *after* the original arraignment date." (*Ranger, supra,* 145 Cal.App.4th at p. 29, fn. 5.)

We agree with this analysis. However, it does not address the issue before us, which is whether, if the trial court finds good cause to continue the arraignment in order to permit the prosecutor to file a complaint, the court retains jurisdiction to order the bond forfeited upon a future nonappearance, if the complaint has not been filed within 15 days after the initial arraignment date.

Although *Ranger* is central to the surety's arguments, it is in fact not apposite.[2] In *Ranger,* the issue was whether the court lost jurisdiction to forfeit the bond when the defendant failed to appear in court on a date as directed by the arresting agency, in that case, the Redondo Beach Police Department.[3] Upon her release from jail after the bond was posted, the defendant was directed to appear in court on January 22, 2004. The police department twice notified her by mail that because a criminal complaint had not yet been filed by the prosecutor, she was to appear on a later date. The complaint was filed on March 18, 2004. The defendant appeared at her arraignment on March 25, as ordered, but failed to appear for her preliminary hearing. Based on the foregoing analysis and acknowledging that the statute must be strictly construed in favor of the surety (see *Ranger, supra,* 145 Cal.App.4th at p. 27 and authorities cited there), the court concluded that bail was exonerated by operation of law on February 6, 15 days after the date first

---

[2] The surety both relies on and distinguishes *Ranger* in its briefing. We view *Ranger* and its significance to this case differently than do the parties. For the reasons discussed below, we disagree that *Ranger* mandates reversal of the judgment of forfeiture. However, we base our conclusion that reversal is required on *Ranger*'s discussion of the legislative intent underlying section 1305(a). Thus, although *Ranger* is not directly apposite, it is nevertheless useful.

[3] When bail is posted, the officer in charge of the jail in which the bailee is held issues and signs an order for the release of the arrested person, sets the time and place for his or her appearance before the court, and gives notice thereof. (§ 1269b, subd. (a).) If the person fails to appear as ordered, sections 1305 and 1306 apply. (§ 1269b, subd. (h).)

set for the arraignment, and that the trial court had no jurisdiction to order the bond forfeited when the defendant later failed to appear for her preliminary hearing (*Ranger*, at pp. 29–30).

The court went on to say that if the defendant had appeared on the date first set upon her release and the court had ordered the arraignment continued, the court could retain jurisdiction to forfeit the bond if the defendant later failed to appear, even though the complaint was not filed within 15 days after the date originally set for the arraignment. (*Ranger, supra*, 145 Cal.App.4th at p. 30.) This statement is dictum, however, because, as the court pointed out, that "is not what happened"; the court did *not* continue the arraignment beyond the date first set by the jailer. (*Ranger*, at p. 30.) And, in *Ranger*, the court did not specifically assert that the trial court retains jurisdiction to forfeit a bond if it continues the arraignment, even if the complaint has not been filed within the 15-day period provided for in section 1305(a), i.e., 15 days after the original arraignment date. Rather, its comment was merely responding to an argument raised by one of the parties and rejecting it because it was based on a scenario which did not in fact take place.

Nevertheless, county counsel asserts that *Ranger* is authority for the proposition that the trial court retains jurisdiction to forfeit a bond if it continues the arraignment, even if the complaint has not been filed within the 15-day period provided for in section 1305(a).[4] We disagree that *Ranger* purports to be such authority, and we disagree that county counsel's position is a valid interpretation of section 1305(a).

■ As expressed in the legislative committee reports cited in *Ranger*,[5] the purpose of the 15-day rule is both to avoid the difficulties which are likely to ensue if the bond is automatically exonerated on the original arraignment date set by the jailer when no complaint has been filed by that date *and* to fix a date certain by which charges must be filed in order to avoid exoneration of the bond, i.e., 15 days after the arraignment date set by the jailer. (See *Ranger,*

---

[4] Two published decisions of which we are aware refer to *Ranger* as holding that the trial court retains jurisdiction to forfeit the bond if it continues the arraignment, even if the complaint is not filed within 15 days after the original arraignment date. However, whether the court does retain jurisdiction under those circumstances is not an issue in either case, and in both cases, the purported holding of *Ranger* is merely mentioned in passing. Consequently, neither case includes any analysis of the correctness of the proposition county counsel asserts. (See *People v. American Surety Ins. Co.* (2009) 178 Cal.App.4th 1437, 1438–1440 [101 Cal.Rptr.3d 286]; *County of Los Angeles v. Fairmont Specialty Group* (2008) 164 Cal.App.4th 1018, 1024–1025 [79 Cal.Rptr.3d 421].)

[5] We take judicial notice of the legislative history materials provided by county counsel. (Evid. Code, §§ 452, subd. (c), 459, subd. (a).) County counsel does not cite us to any portion of those materials which sheds any additional light on this issue or which contradicts the *Ranger* court's analysis.

*supra*, 145 Cal.App.4th at p. 29.) It is inconsistent with the intent to fix a date certain for exoneration of the bond if no complaint is filed to interpret section 1305(a) to permit a court to retain jurisdiction to forfeit the bond without regard to whether the complaint is filed within the 15-day period. Interpreting section 1305(a) in that manner is also contrary to the rule that statutes pertaining to bail bonds must be strictly construed to avoid forfeiture: " 'The forfeiture or exoneration of bail is entirely a statutory procedure, and forfeiture proceedings are governed entirely by the special statutes applicable thereto. [Citation.] Sections 1305 through 1309 govern bail forfeiture. [Citation.] Because the law abhors forfeitures, these statutes are to be strictly construed in favor of the surety. [Citation.]' [Citation.] Furthermore, the sections governing bail forfeiture ' "must be strictly followed or the court acts without or in excess of its jurisdiction. . . ." [Citation.]' [Citation.]" (*People v. Ranger Ins. Co.* (1999) 76 Cal.App.4th 326, 328–329 [90 Cal.Rptr.2d 320].) In the absence of an express statement that the 15-day rule does not apply if the court continues the original arraignment date, we decline to construe section 1305(a) in that manner.

■ We do not consider this to be a satisfying outcome. We agree with county counsel that it makes more sense, in terms of public policy, to permit a court to continue the arraignment to give the prosecuting agency more time to decide whether to file charges while still retaining jurisdiction to order forfeiture of the bond if the defendant fails to appear at the subsequent arraignment. However, if that was the Legislature's intent, it has failed to say so. The statute contains no provision for extending the 15-day period within which the prosecuting agency is required to file the complaint. We may not read into the statute a provision that is clearly not encompassed within the statutory language. (*People v. Allegheny Casualty Co.* (2007) 41 Cal.4th 704, 709 [61 Cal.Rptr.3d 689, 161 P.3d 198].) Moreover, the only ambiguity in the statutory language lies in the statute's use of the word "arraignment." The statute is unambiguous as to the 15-day requirement. Consequently, we are required to accept that the Legislature meant what it said. (*Id.* at pp. 708–709.) The Legislature may amend the statute if it finds that the current language does not comport with its intentions.

## DISPOSITION

The judgment forfeiting the bond and the order denying Indiana Lumbermens Mutual Insurance Company's motion to set aside the judgment are reversed, and the cause is remanded to the trial court with directions to exonerate the bond.

Indiana Lumbermens Mutual Insurance Company is awarded its costs on appeal.

Ramirez, P. J., and Hollenhorst, J., concurred.