Filed 6/25/18

# IN THE SUPREME COURT OF CALIFORNIA

COUNTY OF LOS ANGELES,        )
                                                  )

        Plaintiff and Appellant,    )
                                                  )              S230213

        v.                          )
                                                  )     Ct.App. 2/4 B257660

FINANCIAL CASUALTY &        )
SURETY, INC.,                 )

                                                )      Los Angeles County
        Defendant and Respondent.  )  Super. Ct. Nos. BA404239, SJ3898
_____)

Under Penal Code[1] section 1269b, subdivision (a) (section 1269b(a)), authorized jail personnel have the authority to "set a time and place for the appearance of the arrested person before the appropriate court and give notice thereof." Section 1269b further provides that "[i]f a defendant or arrested person so released fails to appear at the time and in the court so ordered upon his or her release from custody, Sections 1305 and 1306 apply." (§ 1269b, subd. (h).) Section 1305, former subdivision (a)(4)[2] in turn, explained that a court may declare the bail forfeited if a defendant fails to appear on "[a]ny other occasion

---

[1]    All further statutory references are to the Penal Code unless otherwise noted.

[2]    Effective January 1, 2017, the Legislature amended section 1305, and redesignated this subdivision as (a)(1)(D). (Stats. 2016, ch. 79, § 1.) This opinion refers to former subdivision (a)(4), which was effective from January 1, 2013 through December 31, 2016, because it governed at the times relevant to this case.

prior to the pronouncement of judgment if the defendant's presence in court is *lawfully required*." (Italics added.) The issue here is, does the jailer's authority "to set a time and place for the appearance of the arrested person" (§ 1269b(a)) make that appearance "lawfully required" for purposes of forfeiting bail under section 1305, former subdivision (a)(4)?

For reasons that follow, we conclude that it does.

### FACTUAL AND PROCEDURAL BACKGROUND

On November 29, 2012, criminal defendant Sandra Chavezgarcia appeared in superior court for arraignment. She pleaded not guilty to four felony counts. After conferring with defense counsel on a possible date for pretrial conference, the court set the matter for January 3, 2013: "So that will be the order, then. We'll see you all back here on January 3rd." The November 29 minute order contained what the parties describe as the following "boilerplate language": "Matter is continued to date and time indicated below for pretrial conference. [¶] The court orders the defendant to appear on the next court date. [¶] . . . Next scheduled event: 01/03/13 8:30 am pretrial conference." Chavezgarcia was remanded to custody.

On December 12, 2012, Financial Casualty & Surety, Inc. (Financial Casualty), acting through an agent, executed a $110,000 bond for Chavezgarcia's release from custody. The preprinted bail bond form, which included the language, "ordered to appear in the above entitled court on," was filled in with the date January 3, 2013; other blank spaces on the form were filled in with pertinent information. The bail bond form provided that Financial Casualty "undertakes" that Chavezgarcia "will appear in the above-named court on the date above," and that if it fails to perform, the court will order forfeiture of the bond and entry of summary judgment "as provided by Sections 1305 and 1306 of the Penal Code."

2

On January 3, 2013, Chavezgarcia was not present for the pretrial conference, but was represented by counsel. Based on Chavezgarcia's failure to personally appear, the trial court ordered bail forfeited and issued a bench warrant. The court clerk mailed the parties a notice of forfeiture. On July 3, 2013, the bail agent filed a motion to extend the appearance period to October 23, 2013. The court granted that motion and subsequently granted another motion extending the period to December 27, 2013. The period expired before any forfeiture was set aside. On January 8, 2014, the court granted summary judgment on the forfeited bond, and sent a notice of entry of judgment and demand for payment to Financial Casualty and the bail agent.

Financial Casualty filed a motion to set aside summary judgment on the ground that Chavezgarcia was not ordered to appear at the January 3, 2013, hearing. In opposing the motion, the County of Los Angeles (County) argued that the trial court did order Chavezgarcia to appear on January 3; she was required to be present pursuant to section 977; and the date on the bond was the same date the court ordered her to appear.

On May 16, 2014, the trial court granted Financial Casualty's motion. The court found there was "no specific order" for Chavezgarcia to appear at the January 3, 2013, hearing. The court also found itself "obliged to follow" the Court of Appeal's holding in *Safety National*, which judgment this court subsequently reversed. (See *People v. Safety National Casualty Corp.* (2016) 62 Cal.4th 703, 709 (*Safety National*).) It further concluded that the transcript did not establish that the hearing was a readiness conference within the meaning of California Rules of Court, rule 4.112, which would have meant Chavezgarcia's presence was "lawfully required" under section 1305. The trial court explained, "It really doesn't come down to whether . . . the magic words of bail will stand." The Court of Appeal affirmed the trial court's order setting aside summary judgment,

3

vacating forfeiture, and exonerating bail. Focusing on the bail bond issued on Chavezgarcia's release from custody, the court held that "a notation on the bail bond form that the defendant was ordered to appear in court on a certain date does not mean the defendant was 'lawfully required' to appear for purposes of bail forfeiture under section 1305," and added that section 1269b "does not address forfeiture of bail, which undisputedly is governed by section 1305."

We granted review.

## DISCUSSION

Because the relevant facts are undisputed and only legal issues are involved, we conduct an independent review. (See *Imperial Merchant Services, Inc. v. Hunt* (2009) 47 Cal.4th 381, 387; *People v. International Fidelity Ins. Co.* (2012) 204 Cal.App.4th 588, 592.)

As we recently recounted, "The forfeiture of bail and related proceedings are a matter of statutory procedure governed by sections 1305 through 1308. [Citation.] 'The object of bail and its forfeiture is to insure the attendance of the accused and his obedience to the orders and judgment of the court.' [Citation.] 'While bail bond proceedings occur in connection with criminal prosecutions, they are independent from and collateral to the prosecutions and are civil in nature.' [Citation.] In that regard, the bail bond itself is a ' "contract between the surety and the government whereby the surety acts as a guarantor of the defendant's appearance in court under the risk of forfeiture of the bond." ' [Citation.] When a defendant who posts bail fails to appear at a scheduled hearing, the forfeiture of bail implicates not just the defendant's required presence, but constitutes a 'breach of this contract' between the surety and the government. [Citation.] Ultimately, if the defendant's nonappearance is without sufficient excuse, it is the surety who 'must suffer the consequences.' [Citation.]" (*Safety National*, *supra*, 62 Cal.4th at p. 709.)

4

Under section 1305, former subdivision (a), the forfeiture of bail is authorized if a defendant, without sufficient excuse, fails to appear at an enumerated proceeding or on another occasion as " 'lawfully required.' " (*Safety National*, *supra*, 62 Cal.4th at p. 710; *id*. at p. 709.) The issue here is whether Chavezgarcia's appearance at the January 3 hearing "could be 'lawfully required' by another provision of law," specifically, section 1269b. (*Safety National*, *supra*, 62 Cal.4th at p. 710.)

Section 1269b, which consists of subdivisions (a) through (h), covers a range of bail-related subjects. As relevant here, subdivision (a) provides that specified jail personnel "may approve and accept bail in the amount fixed by the warrant of arrest, schedule of bail, or order admitting to bail in cash or surety bond executed by a certified, admitted surety insurer as provided in the Insurance Code, to issue and sign an order for the release of the arrested person, and *to set a time and place for the appearance of the arrested person before the appropriate court and give notice thereof*." (§ 1269b(a), italics added.) This authority to set the time and place for a defendant's appearance has been included in section 1269b—with little change to the italicized language—since section 1269b was first enacted in 1945. (Stats. 1945, ch. 363, § 1, pp. 822-823.)[3]

As contemplated, section 1269b(a) offers an arrested person held in custody—one who has not yet been arraigned—an expeditious process by which

---

[3]    As enacted in 1945, the provision stated: "The authority to accept bail as in this section provided shall include authority to approve the same, to issue and sign an order for the release of the defendant, and *to set a time and place for the appearance of the defendant before the appropriate division or judge of such court and give the defendant notice thereof*." (Former § 1269b, italics added; Stats. 1945, ch. 363, § 1, p. 823.) In 1957, the Legislature replaced "appropriate division or judge of such court and give the defendant notice thereof" (Stats. 1945, ch. 363, § 1, p. 823) with "appropriate court and give notice thereof . . ." (Stats. 1957, ch. 2324, § 1, p. 4049).

5

specified jail personnel, an authorized sheriff's or police department employee, or a court clerk may accept bail (in an amount previously fixed by warrant of arrest or countywide bail schedule); issue an order for the arrested person's release; and set a time and place for the next appearance, which is often the arraignment hearing. This administrative procedure is in lieu of the individualized, but somewhat cumbersome, written court approval set out under section 1269a, which requires a "written order of a competent court or magistrate admitting the defendant to bail" delivered to the officer having custody of the defendant. (See *County of Los Angeles v. Surety Ins. Co.* (1985) 165 Cal.App.3d 704, 706-707.) Past cases discussing the interplay between section 1269b and section 1305 have typically been in the prearraignment context, where the defendant did not have a next court-ordered appearance. (See, e.g., *People v. American Surety Ins. Co.* (2009) 178 Cal.App.4th 1437, 1439 (*American Surety*); *County of Los Angeles v. Fairmont Specialty Group* (2008) 164 Cal.App.4th 1018, 1021; *People v. Ranger Ins. Co.* (2006) 145 Cal.App.4th 23, 30 (*Ranger*).)

In this case, however, Chavezgarcia did appear for her arraignment in superior court, where she pleaded not guilty to four felony counts and was remanded into custody. Though the trial court continued the matter to January 3, 2013 for a pretrial conference, the parties and the Court of Appeal have proceeded on the belief that the trial court did not *actually* order Chavezgarcia's appearance on that date. For this reason, we focus on whether the date and time set by the jailer under section 1269b(a)—also January 3, 2013, as reflected on the bail bond issued on Chavezgarcia's release from custody—may give rise to a "lawfully required" appearance under section 1305.

The County insists that based on section 1269b(a), there is a "clear presumption that the defendant's appearance in court is required on the date shown on the bond." The bail bond itself "makes the defendant's presence in court

6

'lawfully required' " under section 1305. Financial Casualty, however, counters that section 1269b(a) does not "independently require," or provide a "separate basis" for, a defendant's presence for purposes of forfeiting bail under section 1305. In support, Financial Casualty points to subdivision (h) of section 1269b (section 1269b(h)). This subdivision provides that "[i]f a defendant or arrested person so released fails to appear at the time and in the court so ordered upon his or her release from custody, Sections 1305 and 1306 apply." Financial Casualty maintains that section 1269b(h) merely "*refers back* to Penal Code section 1305 to determine when it is lawful to declare a forfeiture of bail," and "only requires the defendant to appear personally at those hearings covered by" section 1305, former subdivision (a).

Under the plain language of section 1269b, a jailer has authority "to *set* a time and place for the appearance of the arrested person." (§ 1269b(a), italics added.) This authority is not simply to suggest or propose, or as Financial Casualty asserts, to provide notice of, an appearance date. The cross-reference in section 1269b(h) makes clear that "[i]f a defendant or arrested person so released fails to appear at the time and in the court *so ordered* upon his or her release from custody, Sections 1305 and 1306 apply." (§ 1269b(h), italics added.) Because a jailer's decision to set the time and place for an appearance is viewed as an "order[]" under section 1269b(h), this set appearance should likewise be considered "lawfully required" under section 1305. This interpretation is consistent with the related provision governing the issuance of a bench warrant when a defendant fails to appear "as required by law." (§ 978.5, subd. (a).) Section 978.5, subdivision (a)(2) provides: "A bench warrant of arrest may be issued whenever a defendant fails to appear in court as required by law including . . . [i]f the defendant is released from custody on bail and *is ordered by*

a judge or magistrate, or *other person authorized to accept bail,* to personally appear in court at a specific time and place." (Italics added.)

Contrary to Financial Casualty's assertion, the Legislature did not amend section 1269b—adding the reference to section 1305—in order "to only require the forfeiture of bail when required by Penal Code section 1305." The relevant legislative history instead shows a contrary purpose, one that squarely refutes this assertion. (See *People v. Allegheny Casualty Co.* (2007) 41 Cal.4th 704, 710 ["We doubt that the statute is ambiguous but in any event . . . find that the legislative history supports the conclusion we reach"].)

The bail forfeiture provision under section 1269b was first added in 1957, when the Legislature rewrote section 1269b. (§ 1269b, former subd. (c); Stats. 1957, ch. 2324, § 1, p. 4050.) Set out as the concluding paragraph in the then newly designated subdivision (c), it originally did not refer to section 1305 and instead purportedly gave the court *discretion* to forfeit bail based on a defendant's failure to appear: "If a defendant or arrested person so released fails to appear at the time and in the court so ordered upon his release from custody, *the court* before which he was ordered to appear *may forfeit* the cash bail or surety bond, with or without issuing a warrant, and if the bail is a surety bond the surety company is obligated as provided by Section 1306 of the Penal Code, subject to the right of the court to set aside the forfeiture as provided by law." (§ 1269b, former subd. (c), italics added; Stats. 1957, ch. 2324, § 1, p. 4050.)

For nearly two decades after its enactment, courts apparently did not utilize this provision's "permissive" forfeiture of bail, but instead "until [then] recently followed the mandatory provisions of Section 1305." (Sen. Com. on Judiciary, Analysis of Sen. Bill No. 1597 (1975-1976 Reg. Sess.) as introduced Feb. 13, 1976, p. 2.) However, in 1976—after a bail bondsman challenged a lower court's purported failure to exercise its discretion under section 1269b, former subdivision

8

(d)[4]—the Legislature amended the provision. The Legislature sought to "eliminate any confusion as to the procedure to be followed in forfeiting bail," recognizing that "the present confusion provides a potential loophole for sureties to avoid forfeitures." (Assem. Off. of Research, 3d reading analysis of Sen. Bill No. 1597 (1975-1976 Reg. Sess.) as introduced Feb. 13, 1976, p. 1.) The intent of the 1976 legislation was "to enact a single procedure for the forfeiture of bail" and to "provide that in any forfeiture the provisions of Section 1305 shall apply." (Assem. Com. on Crim. Justice, Analysis of Sen. Bill No. 1597 (1975-1976 Reg. Sess.) (Assembly Committee Bill Analysis); Legis. Counsel's Dig., Sen. Bill No. 1597 (1975-1976 Reg. Sess.) 4 Stats. 1976, Summary Dig., p. 204 ["This bill would specifically make applicable in such bail forfeiture an express procedure of existing law for the general forfeiture of bail and enforcement and discharge of forfeiture of bail"].)

As amended, section 1269b, former subdivision (d), read: "If a defendant or arrested person so released fails to appear at the time and in the court so ordered upon his release from custody, the provisions of Sections 1305 and 1306 shall apply." (Stats. 1976, ch. 808, § 1, p. 1861.) Except for minor revisions in 1988, this subdivision has essentially remained unchanged since its 1976 amendment. (See Stats. 1977, ch. 1257, § 121 [relettering former subds. (c) & (d) as subds. (g) & (h)]; Stats. 1988, ch. 988, § 1, subd. (g), p. 3222 [adding "or her" and deleting "shall" in front of "apply"]; Stats. 2003, ch. 149, § 76, p. 981 [redesignating subd. (g) as (h)]; see *ante*, at p. 7 [current version of § 1269b(h)].)

---

[4]    Between 1957 and 1976, the Legislature amended this bail forfeiture provision numerous times; as relevant here, it redesignated then subdivision (c) as subdivision (d) in 1973 without any substantive change. (Stats. 1973, ch. 810, § 1, pp. 1443-1444.)

As this legislative history confirms, section 1269b(h)'s reference to section 1305 does not mean that section 1269b is "limited by" section 1305 in the manner that Financial Casualty suggests. That is to say, if a jailer has "set a time and place" for the released defendant's next appearance pursuant to section 1269b(a), section 1305 does not further circumscribe whether that appearance is "lawfully required"; that appearance rather is one " 'otherwise required by law' " for purposes of forfeiting bail (*Safety National*, *supra*, 62 Cal.4th at p. 710). The 1976 amendment to section 1269b makes clear that the Legislature replaced language stating that a "court . . . may forfeit" bail with reference to sections 1305 and 1306, to eliminate any potential loopholes making "forfeiture optional at the court's discretion." (Enrolled Bill Memo. on Sen. Bill No. 1597 (1975-1976 Reg. Sess.) prepared for Governor Edmund G. Brown, Jr. (Sept. 7, 1976) p. 1 (Enrolled Bill Memo).) It did not do so, as Financial Casualty suggests, in order to ensure that the court's power to forfeit bail is "not controlled necessarily by" the release date set by the jailer.

To be sure, section 1269b is *subject to* section 1305 in that there is but a "single procedure for the forfeiture of bail," which includes forfeitures authorized under section 1269b. (Assembly Committee Bill Analysis, *supra*, at p. 1.) If a defendant who has been released on bail under section 1269b(a) fails to appear "at the time and in the court so ordered upon his or her release from custody" (§ 1269b(h)), any resulting forfeitures "will now be covered solely by sections 1305 and 1306 which make forfeiture mandatory if the defendant fails to appear" (Enrolled Bill Memo, *supra*, at p. 1). In arguing that section 1269b(a) does not provide a *separate* or *independent* basis to require a defendant's presence in court, however, Financial Casualty presupposes that there must be a court order to appear, which is incorrect. (See *People v. American Bankers Ins. Co*. (1990) 225

10

Cal.App.3d 1378, 1381-1383; *People v. Sacramento Bail Bonds* (1989) 210 Cal.App.3d 118, 122.)[5]

Moreover, the cases on which Financial Casualty relies—suggesting that anything short of a court order is insufficient to require a defendant's appearance—are inapposite. (See *Ranger*, *supra*, 145 Cal.App.4th 23; *American Surety*, *supra*, 178 Cal.App.4th 1437.) In *Ranger*, the Court of Appeal explained that a police department's notices informing the defendant of the date of her continued arraignment hearing did *not* constitute a court order requiring her appearance. (*Ranger*, *supra*, 145 Cal.App.4th at p. 30.) Because the complaint was not filed within 15 days after the jailer had set the original arraignment date (§ 1305, former subd. (a))—and this date was not effectively postponed by the police department's notices—bail was exonerated "as a matter of law" and the court had no jurisdiction to forfeit the bond based on the defendant's failure to appear at the later date. (*Ranger*, at p. 27; § 1305, former subd. (a) ["court shall not have jurisdiction to declare a forfeiture" if case is dismissed or "if no complaint is filed within 15 days from the date of arraignment"].) Following *Ranger*, the Court of Appeal in *American Surety* found that a district attorney's notice to a defendant to appear at a subsequently set arraignment hearing was "not a substitute" for a court order. (*American Surety*, *supra*, 178 Cal.App.4th at pp. 1439-1440; *id*. at p. 1441 ["issue whether an appearance at arraignment can be compelled by a prosecutor's letter, rather than a court order"].) Thus, without a court order continuing the appearance date set by the jailer, the court lacked jurisdiction to forfeit bail. (*American Surety*, at p. 1440.)

---

[5]    We disapprove *People v. Accredited Surety & Casualty Co.* (2012) 209 Cal.App.4th 617, 622, to the extent it suggests that there must be a court order to appear to support the forfeiture of bail.

In each case, the sufficiency of the 1269b notice was not at issue. (*American Surety*, *supra*, 178 Cal.App.4th at p. 1440; *Ranger*, *supra*, 145 Cal.App.4th at p. 30.) In fact, the *Ranger* Court of Appeal specifically recognized that the defendant "was ordered by the jailor to appear on January 22, and *thus was lawfully required to appear for arraignment on that date*. (§ 1269b, subds. (a), (h).)" (*Ranger*, *supra*, 145 Cal.App.4th at p. 30, italics added; see *id*. at p. 27, fn. 4.) Likewise, in *American Surety*, the validity of an initial "appearance date set by the jailer" was not in dispute. (*American Surety*, *supra*, 178 Cal.App.4th at p. 1440.)

Financial Casualty further argues that because a trial court should "have the ability to control the processes of the court" and should "be free to set appearances," it cannot be bound by any conflicting date set by the jailer; in other words, such a date set under section 1269b(a) cannot give rise to a "lawfully required" appearance under section 1305, former subdivision (a)(4). Contrary to Financial Casualty's suggestion, the question posed—what date controls if the dates shown on the bond and in a court order conflict—is not relevant here. (See *People v. National Auto. & Cas. Ins. Co*. (1977) 77 Cal.App.3d Supp. 7, 8-9 (*National Auto*).) Both the bail bond and the minute order from Chavezgarcia's arraignment hearing set forth "January 3, 2013" as the date for her next appearance. (See *ante*, at pp. 2-3.)

Contrary to Financial Casualty's suggestion, *National Auto* does not support its position. *National Auto*, which did not discuss, much less rely on, section 1269b, explained that a forfeiture of bail based on a defendant's failure to appear was improper where the appearance date was indicated on a bail bond but not ordered by the court. (*National Auto*, *supra*, 77 Cal.App.3d at p. Supp. 9.) "The parties concede (although our record does not so reflect) that the *bond* indicated that defendant was to appear (it is not clear for what purpose) on

12

December 1, 1975." (*Id*. at p. Supp. 8.) The court docket only noted an "'appearance date'" on a different day. (*Ibid*.) The Court of Appeal ultimately concluded that "[u]nder the conceded facts any obligation he had to appear on that date was the result of a contractual agreement between him and the bonding company. The obligation created by *that* agreement is not within the ambit of section 1305." (*Id*. at p. Supp. 9.)

In the present case, Chavezgarcia's obligation to appear was not simply the result of an agreement between Financial Casualty and herself. (See *ante*, at p. 4; *Safety National*, *supra*, 62 Cal.4th at p. 709; *People v. American Contractors Indemnity Co*. (2004) 33 Cal.4th 653, 657; § 1269 ["taking of bail" defined].) Financial Casualty executed a promise of bond, which was filed with the court, to secure Chavezgarcia's appearance on her release from custody. The parties do not dispute that when Chavezgarcia was released on bond, the jailer set the time and place for her next appearance, as authorized under section 1269b(a). (See *County of Los Angeles v. Surety Ins. Co*. (1985) 164 Cal.App.3d 1221, 1226 [§ 1269b "does not require that such acceptance and approval [of the bail bond] be indicated in writing"].)[6] As we conclude above (see *ante*, at p. 10), the date and place set by the jailer under section 1269b gives rise to an appearance that is "otherwise

---

[6] Even under *National Auto*'s rationale, this appearance would be considered "lawfully required": "Only when a defendant fails to appear on a date ordered by the court (*or otherwise required by law* . . .) do the provisions of section 1305 require that a forfeiture be declared in the absence of an excuse or a reasonable belief that an excuse may exist." (*National Auto*, *supra*, 77 Cal.App.3d at p. Supp. 9, italics added.) In any event, we disapprove *National Auto*, *supra*, 77 Cal.App.3d Supp. 7, to the extent it suggests that a bail bond is a contractual agreement between a defendant and a bonding company, and that it does not give rise to a statutory obligation to appear.

13

required by law." Because Chavezgarcia's obligation to appear on January 3, 2013 was "lawfully required" under section 1305, her failure to appear on that day authorized the forfeiture of bail.[7]

## CONCLUSION

We reverse the Court of Appeal's judgment and remand for further proceedings consistent with our opinion.

**CHIN, J.**

**WE CONCUR:**

**CANTIL-SAKAUYE, C.J.**
**CORRIGAN, J.**
**LIU, J.**
**CUÉLLAR, J.**
**KRUGER, J.**
**EDMON, J.***

---

[7]    Based on this conclusion, we do not address the County's additional claim that Chavezgarcia's presence at the January 3, 2013 hearing was otherwise required pursuant to section 977, subdivision (b)(1), because she was charged with a felony.

*    Presiding Justice of the Court of Appeal, Second Appellate District, Division Three, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.

*See next page for addresses and telephone numbers for counsel who argued in Supreme Court.*

**Name of Opinion** County of Los Angeles v. Financial Casualty & Surety Inc.

_____

**Unpublished Opinion**
**Original Appeal**
**Original Proceeding**
**Review Granted** XXX 240 Cal.App.4th 535
**Rehearing Granted**

_____

**Opinion No.** S230213
**Date Filed:** June 25, 2018

_____

**Court:** Superior
**County:** Los Angeles
**Judge:** Lia R. Martin

_____

**Counsel:**

Mary C. Wickham, County Counsel, Ruben Baeza, Jr., Assistant County Counsel, Joanne Nielsen, Principal Deputy County Counsel, and Lindsay Yoshiyama, Deputy County Counsel, for Plaintiff and Appellant.

Law Office of John Rorabaugh, John M. Rorabaugh and Crystal Rorabaugh for Defendant and Respondent.

**Counsel who argued in Supreme Court (not intended for publication with opinion):**

Lindsay Yoshiyama
Deputy County Counsel
648 Kenneth Hahn Hall of Administration
500 West Temple Street
Los Angeles, CA  90012-2713
(213) 974-1876

Crystal Rorabaugh
Law Office of John Rorabaugh
801 Parkcenter Drive, Suite 205
Santa Ana, CA  92705
(714) 617-9600