[No. F061649. Fifth Dist. June 13, 2012.]

THE PEOPLE, Plaintiff and Respondent, v.
ACCREDITED SURETY AND CASUALTY COMPANY, Defendant and
Appellant.

## COUNSEL

E. Alan Nunez for Defendant and Appellant.

John P. Doering, County Counsel, and Alice E. Mimms, Deputy County Counsel, for Plaintiff and Respondent.

## OPINION

**WISEMAN, Acting P. J.**—In this bail forfeiture action, appellant, Accredited Surety and Casualty Company (Accredited), challenges the trial court's order

entering summary judgment on the forfeited bail bond. According to Accredited, the trial court did not have jurisdiction to declare bail forfeited based on the defendant's nonappearance when the criminal proceedings against the defendant had been suspended for mental competency proceedings under Penal Code[1] section 1368.

 Contrary to Accredited's position, the section 1368 proceedings did not divest the trial court of jurisdiction over the bail bond. Therefore, the judgment is affirmed.

## *FACTUAL AND PROCEDURAL HISTORIES*

In June 2009, Accredited posted a $70,000 bail bond to secure the release of defendant, Leonardo Birrueta Cabadas. Cabadas had been charged with felony assault with a semiautomatic firearm. (§ 245, subd. (b).)

In August 2009, Cabadas appeared in court and was ordered to report to a private psychologist for evaluation. The criminal proceedings were suspended pursuant to section 1368. During the section 1368 proceedings, Cabadas appeared in court as ordered in September and October 2009.

On November 12, 2009, Cabadas appeared and the matter was continued. Cabadas was then ordered to appear on November 19, 2009, for a further hearing on the section 1368 proceedings. The criminal proceedings remained suspended.

Cabadas failed to appear on November 19 and the bail was declared forfeited. A notice of forfeiture was mailed to Accredited and to the bail agent.

The court entered summary judgment on the forfeiture on August 17, 2010. Accredited moved to set aside the summary judgment and discharge the forfeiture on the ground that the trial court did not have jurisdiction to forfeit the bond after the criminal proceedings were suspended and Cabadas was referred for evaluation pursuant to section 1368.

The court denied the motion, concluding that Accredited had raised an interesting argument but that, if correct, Accredited's position would create chaos for the criminal justice system. The court observed that it "would be essentially allowing the defendant to roam free without any ability to bring him back . . . ."

---

[1] All further statutory references are to the Penal Code unless otherwise noted.

## *DISCUSSION*

 When a criminal defendant for whom a bail bond has been posted fails to appear, the trial court must declare the bond forfeited in open court. (§ 1305, subd. (a).) Afterward, the surety that posted the bond has a statutory "appearance" period in which to either produce the accused in court and have the forfeiture set aside or demonstrate other circumstances requiring the court to vacate the forfeiture. (*People v. American Contractors Indemnity Co.* (2004) 33 Cal.4th 653, 657 [16 Cal.Rptr.3d 76, 93 P.3d 1020].)

 Although bail bond proceedings occur in connection with criminal prosecutions, they are civil in nature. (*People v. American Contractors Indemnity Co., supra*, 33 Cal.4th at p. 657.) The object of bail and its forfeiture is to insure the accused's attendance and his or her obedience to the orders and judgment of the court. (*Ibid.*) The purpose is not to provide revenue to the state or punish the surety. (*Ibid.*) The law's traditional disfavor of forfeitures extends to forfeiture of bail. (*County of Los Angeles v. American Contractors Indemnity Co.* (2007) 152 Cal.App.4th 661, 665 [61 Cal.Rptr.3d 367].)

 A bail bond is a contract between the government and the surety in which the surety acts as a guarantor of the defendant's appearance under risk of forfeiture of the bond. (*People v. Amwest Surety Ins. Co.* (2001) 87 Cal.App.4th 69, 71 [104 Cal.Rptr.2d 282].) As a result, when this contract is breached, the bond should be enforced. (*People v. American Contractors Indemnity Co., supra*, 33 Cal.4th at pp. 657–658.) However, when the nonappearance is not one that the bail was required to, or did, cover, the surety is not liable on its bond. (*People v. Safety National Casualty Corp.* (2007) 150 Cal.App.4th 11, 15 [57 Cal.Rptr.3d 659].) The surety's liability is limited to the contract's terms. (*People v. International Fidelity Ins. Co.* (2010) 185 Cal.App.4th 1391, 1395 [111 Cal.Rptr.3d 460].)

Accredited contends that all appearances after August 2009, when criminal proceedings were suspended, were for the purpose of effecting the competency determination and therefore were not covered by the bail bond. In other words, the appearances regarding Cabadas's competency did not relate to answering the charges against him. Therefore, Accredited argues, the trial court did not have jurisdiction to declare the bail forfeited. The People disagree and argue the bond was properly forfeited under the terms of the contract and the applicable statutes. As the facts in this case are not in dispute and the issue is one of contract and statutory interpretation, our review of the trial court's order is de novo. (*People v. International Fidelity Ins. Co., supra*, 185 Cal.App.4th at p. 1395.)

Accredited guaranteed that Cabadas would appear "to answer any charge in any accusatory pleading based upon the acts supporting the complaint filed against [him] or in duly authorized amendments thereof, in whatever court it may be filed and prosecuted, *and will at all times hold [himself] [amenable] to the orders and process of the court,* and if convicted, will appear for pronouncement of judgment or grant of probation, or if [he] fails to perform either of these conditions, that [Accredited] will pay to the people of the State of California the sum of seventy thousand dollars . . . ." (Italics added.)

As a result, Accredited guaranteed that, in connection with the charges filed against Cabadas, Cabadas would comply with "the orders and process of the court." The issue is whether Cabadas's failure to appear at a competency hearing was a failure to comply with such orders and the process of the court.

■ Trying a criminal defendant who is mentally incompetent violates the due process clause of the Fourteenth Amendment. (*People v. Ary* (2011) 51 Cal.4th 510, 517 [120 Cal.Rptr.3d 431, 246 P.3d 322].) "When a trial court is presented with evidence that raises a reasonable doubt about a defendant's mental competence to stand trial, federal due process principles require that trial proceedings be suspended and a hearing be held to determine the defendant's competence." (*Ibid.*) If the defendant is found incompetent, the criminal proceedings remain suspended. However, if and when the defendant's competence is restored, the criminal proceedings are resumed, not begun anew. (§ 1370; *Booth v. Superior Court* (1997) 57 Cal.App.4th 91, 100 [66 Cal.Rptr.2d 758].)

■ Where, as here, the bond states that the defendant will hold himself "[amenable] to the orders and process of the court," it means that the surety insures the defendant's ongoing attendance to answer the charges against him or her. (*People v. King Bail Bond Agency* (1990) 224 Cal.App.3d 1120, 1124 [274 Cal.Rptr. 335].) Although bail bond proceedings are independent from and collateral to criminal prosecutions, they nevertheless occur in connection with those prosecutions. (*People v. American Contractors Indemnity Co.,* *supra,* 33 Cal.4th at p. 657.)

■ A criminal defendant must be competent before he or she can answer the charges covered by the bail bond. Further, trial proceedings on criminal charges are merely suspended during any competency proceedings, not dismissed. Consequently, the competency proceedings are part of the process of answering the charges. If not for the charges covered by the bond's terms, the competency proceedings would not take place. As a result, we conclude that an order to appear at a competency hearing to determine whether the defendant can be tried on the charges covered by the bail bond is an appearance guaranteed by the bail bond. Therefore, the trial court has

jurisdiction to declare a bond forfeited when the defendant fails to appear at a hearing regarding his or her mental competence to stand trial on the charges covered by the bond.

This conclusion is consistent with the statutory scheme. Section 1371 provides that bail is exonerated when the defendant is committed to a treatment facility. This indicates that a bail bond continues to insure the defendant's ongoing attendance during the competency proceedings until the defendant either is found mentally competent, at which time the criminal proceedings will resume, or is committed for treatment, at which time the bail will be exonerated.

## *DISPOSITION*

The judgment is affirmed. Respondent shall recover its costs on appeal.

Cornell, J., and Kane, J., concurred.