[No. F062859. Fifth Dist. Sept. 21, 2012.]

THE PEOPLE, Plaintiff and Respondent, v.
ACCREDITED SURETY AND CASUALTY COMPANY, Defendant and
Appellant.

**COUNSEL**

E. Alan Nunez for Defendant and Appellant.

John P. Doering, County Counsel, and Alice E. Mimms, Deputy County Counsel, for Plaintiff and Respondent.

**OPINION**

**LEVY, J.**—In this bail forfeiture action, appellant, Accredited Surety and Casualty Company (Accredited), challenges the trial court's order denying a motion to vacate the forfeiture. Accredited's bail agent, A.J. Bail Bonds (A.J.), posted a bond for the release of the defendant and, when the defendant failed to appear, posted a second bond in an effort to substitute it for the first bond. However, this attempted substitution ultimately failed and the trial court ordered both bonds forfeited.

Accredited contends the trial court erred in refusing to vacate the forfeiture of the second bond because that bond was void as a matter of law. Accredited further argues that the court did not have jurisdiction to declare the forfeiture.

Accredited is correct. Accordingly, the judgment will be reversed.

## BACKGROUND

In June 2009, Accredited, through its agent, A.J., posted a $70,000 bail bond to secure the release of the defendant. The defendant failed to appear as ordered on November 19, 2009, and the bail was declared forfeited. A notice of forfeiture was mailed to Accredited and to A.J. A bench warrant was issued and bail was increased to $70,500.

On May 18, 2010, with only five days remaining of the forfeiture period, A.J. posted a second bond, Accredited bond No. A100-00476092, in the amount of $70,500. A.J. was attempting to substitute this second bond for the first bond. The defendant had neither appeared in court nor been surrendered to custody. The bond indicated an appearance date of June 17, 2010. Based on the posting of this second bond, the court clerk set aside the forfeiture of the first bond, recalled the bench warrant and reinstated bail.

On May 27, 2010, the People filed a motion to determine the forfeiture status of the first bond. The People argued that at the time A.J. submitted the second bond, the court clerk was unaware of the custody status of the defendant and that A.J. engaged in this process of rewriting bonds in order to "start a new clock for forfeiture purposes on the second bond." In an earlier unrelated hearing on a bail bond motion with similar facts, the transcript of which the court took judicial notice, the owner of A.J., A.J. Pontillo, explained that he uses this "gimmick" in situations where he has posted bail for a defendant with a daily drug habit who fails to appear and who is afraid of being arrested. The posting of the second bond is "just another tool" that gives the defendant "a way to come in." Pontillo then has a "window to come in and surrender [the defendant] when he does show up for court."

The trial court found that the court clerk's exoneration of the first bond was "without color of law" and was void. The court therefore vacated the exoneration of the first bond and upheld the forfeiture. Thereafter, summary judgment was entered on the forfeiture of the first bond.[1]

The defendant did not appear in court on June 17, 2010, the date indicated on the second bond, and the second bond was declared forfeited. Notice of forfeiture was mailed on June 25, 2010.

Accredited moved to vacate the forfeiture of the second bond on the grounds that the bond was void and the trial court had no jurisdiction to

---

[1] Accredited filed an appeal from the forfeiture of the first bond. This court affirmed the forfeiture. (*People v. Accredited Surety & Casualty Co.* (2012) 207 Cal.App.4th 163 [142 Cal.Rptr.3d 713].)

declare the bond forfeited. The trial court disagreed and denied the motion. The trial court found there was consideration for the second bond in that the bench warrant was withdrawn and Accredited charged the defendant a bond premium. The court ordered that Accredited was not relieved from its obligation on the second bond because the surety knew that the defendant was never arrested and led the court clerk to believe otherwise.

## DISCUSSION

In this case, the facts are undisputed. Thus only legal issues are involved. Accordingly, we will conduct an independent review. (*People v. International Fidelity Ins. Co.* (2012) 204 Cal.App.4th 588, 592 [138 Cal.Rptr.3d 883].)

■ When a criminal defendant for whom a bail bond has been posted fails to appear, the trial court must declare the bond forfeited in open court. (Pen. Code,[2] § 1305, subd. (a).) Thereafter, the surety that posted the bond has a statutory "appearance" period in which to either produce the accused in court and have the forfeiture set aside or demonstrate other circumstances requiring the court to vacate the forfeiture. (*People v. American Contractors Indemnity Co.* (2004) 33 Cal.4th 653, 657 [16 Cal.Rptr.3d 76, 93 P.3d 1020].)

■ Although bail bond proceedings occur in connection with criminal prosecutions, they are civil in nature. (*People v. American Contractors Indemnity Co., supra,* 33 Cal.4th at p. 657.) The object of bail and its forfeiture is to insure the defendant's attendance and his or her obedience to the orders and judgment of the court. (*Ibid.*) The purpose is not to either provide revenue to the state or punish the surety. (*Ibid.*) The law's traditional disfavor of forfeitures extends to forfeiture of bail. (*County of Los Angeles v. American Contractors Indemnity Co.* (2007) 152 Cal.App.4th 661, 665 [61 Cal.Rptr.3d 367].) Thus, the statutes dealing with forfeiture of bail bonds must be strictly construed in favor of the surety to avoid the harsh results of forfeiture. (*People v. American Contractors Indemnity Co.* (2001) 91 Cal.App.4th 799, 805 [110 Cal.Rptr.2d 799].)

Nevertheless, a bail bond is a contract between the government and the surety. The state and the surety agree that if the state will release the defendant from custody, the surety will guarantee that the defendant will appear personally at a specified time and place. If the defendant fails to appear, the surety is liable to the state for the amount of the bond. (*People v. International Fidelity Ins. Co., supra,* 204 Cal.App.4th at p. 594.) Thus, when this contract is breached, the bond should be enforced. (*People v. American Contractors Indemnity Co., supra,* 33 Cal.4th at pp. 657–658.)

---

[2] All further statutory references are to the Penal Code.

■ Admission to bail is defined as "the order of a competent court or magistrate that the defendant be discharged from actual custody upon bail." (§ 1268.) Upon posting bail, the defendant is discharged from custody as to the offense on which the bail is posted. (§ 1269b, subd. (g).)

Thus, there must be a court order to appear. Without such an order, the court lacks jurisdiction to forfeit bail for failure to appear. (*People v. American Surety Ins. Co.* (2009) 178 Cal.App.4th 1437, 1440 [101 Cal.Rptr.3d 286].) Further, bail is posted when the defendant is discharged from actual custody. The surety's guarantee that the defendant will appear is given in exchange for the state's release of the defendant from custody. (*People v. International Fidelity Ins. Co., supra,* 204 Cal.App.4th at p. 594.) Logically, the defendant must be in actual custody before he or she can be released from custody.

Moreover, the defendant must have actual notice that his or her appearance is required at a given date and time. (*People v. Classified Ins. Corp.* (1985) 164 Cal.App.3d 341, 346 [210 Cal.Rptr. 162].) Generally, such time and place for appearance is set and notice thereof given to the defendant when bail is accepted and the defendant is discharged from custody. (§ 1269b, subd. (a).)

■ Here, the defendant was not in actual custody when the second bond was posted. Thus, the defendant was not released from custody in exchange for the surety's appearance guarantee and the defendant did not have notice of the appearance date and time guaranteed by the second bond. Therefore, the second bond did not satisfy the statutory and legal requirements of release from custody and notice.

Further, because the defendant did not appear within the statutory appearance period on the first bond, the exoneration of the first bond was ruled invalid. Accordingly, with the posting of the second bond, the total bail amount increased from $70,000 to $140,500. However, the bond must comply with the order of the court. (*People v. International Fidelity Ins. Co., supra,* 204 Cal.App.4th at p. 595.) The court ordered bail in the amount of $70,000. Therefore, the second bond that increased this bail amount was void. (*Ibid.*)

Because the second bond was void, there was nothing over which the trial court could exercise its jurisdiction. Thus, the summary judgment purportedly entered on that bond is void. (*People v. International Fidelity Ins. Co., supra,* 204 Cal.App.4th at p. 595.) Accordingly, the trial court erred in denying the motion to vacate the forfeiture.

The People argue that Accredited is estopped from arguing that the second bond is void because it acted intentionally with knowledge that the defendant

was not in custody. However, while we do not condone or approve of the bail agent's act and we agree with the trial court's finding that the court clerk's exoneration of the first bond was "without color of law" and therefore void, upholding the forfeiture of the second bond would be purely punitive. Such punishment is not the object of the bail statutes. (*People v. American Contractors Indemnity Co., supra*, 33 Cal.4th at p. 657.)

## DISPOSITION

The order denying Accredited's motion to vacate the forfeiture and exonerate bail is reversed. The trial court is ordered to vacate the forfeiture and exonerate Accredited bond No. A100-00476092. Accredited is awarded its costs on appeal.[3]

Wiseman, Acting P. J., and Poochigian, J., concurred.

---

[3] The People moved to augment the record with certain reporter's transcripts. This motion was granted. The People also requested that this court order Accredited to pay the costs of preparing those transcripts. The People's request is denied. Accredited was not required to proceed with a reporter's transcript. (Cal. Rules of Court, rule 8.130(a)(4).) Moreover, the reporter's transcripts were not required for the disposition of this appeal.