Filed 9/16/15

**CERTIFIED FOR PUBLICATION**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION FOUR

| | |
|---|---|
| COUNTY OF LOS ANGELES,<br><br>        Plaintiff and Appellant,<br><br>        v.<br><br>FINANCIAL CASUALTY & SURETY INC.,<br><br>        Defendant and Respondent. | B257660<br><br>(Los Angeles County<br> Super. Ct. No. BA404239, SJ3898) |

APPEAL from a judgment of the Superior Court of Los Angeles County, Lia Martin, Judge. Affirmed.

Office of the County Counsel, Ruben Baeza, Jr., Assistant County Counsel, and Joanne Nielsen, Principal Deputy County Counsel, for Plaintiff and Appellant.

John M. Rorabaugh for Defendant and Respondent.

The County of Los Angeles (County) appeals from an order of the superior court granting the motion of Financial Casualty & Surety, Inc. (Financial Casualty) to set aside summary judgment and vacate the forfeiture of a bail bond. The County argues that the defendant was lawfully required to appear in court on the date shown on the face of the bond for purposes of Penal Code section 1305, subdivision (a)(1).[1] We conclude that writing the date of the hearing on the bond does not mean the defendant is "lawfully required" to appear for purposes of forfeiting bail under section 1305. We therefore affirm.

## FACTUAL AND PROCEDURAL BACKGROUND

On November 29, 2012, the criminal defendant, Sandra Chavezgarcia, appeared in superior court for arraignment. She pled not guilty to four felony counts. The court asked defense counsel for a possible date for pretrial conference. In response to her suggestion, the court set the matter for January 3, 2013. At the end of the brief hearing, the court stated, "So that will be the order, then. We'll see you all back here on January 3rd."[2]

On December 19, 2012, Financial Casualty executed a $110,000 bond for the release of the defendant from custody. The bail bond form had blank spaces in which to write pertinent information and stated that the defendant was "ordered to appear in the above entitled court on" January 3, 2013.

---

[1]     All further statutory references are to the Penal Code unless otherwise specified.

[2]     The minute order contains what Financial Casualty describes as a "boilerplate entry," stating, "The court orders the defendant to appear on the next court date." The County does not argue on appeal that the court actually ordered the defendant to appear on January 3.

2

The defendant did not appear at the January 3 hearing. The court ordered bail forfeited and issued a bench warrant. The clerk of the court mailed a notice of forfeiture to the parties. On July 3, 2013, the bail agent filed a motion to extend the appearance period. The court extended the period to October 23, 2013. The court subsequently granted another motion extending the period to December 27, 2013.

On January 8, 2014, the court granted summary judgment on the forfeited bond and sent a notice of entry of judgment and demand for payment to Financial Casualty and the bail agent. In February 2014, Financial Casualty filed a motion to set aside the summary judgment on the basis that the defendant was not ordered to appear at the January 3, 2013 hearing.

The County opposed the motion, arguing that (1) the trial court did order the defendant to appear on January 3; (2) the defendant was required to appear pursuant to section 977, subdivision (b);[3] and (3) the date on the bond was the same date the court ordered the defendant to appear. After hearing argument, the court granted Financial Casualty's motion. The court relied on *People v. Safety National Casualty Insurance Corp.* (2014) 225 Cal.App.4th 438, review granted July 23, 2014, S218712,[4] to conclude that section 977 could not be relied upon for

---

[3]    Section 977, subdivision (b) requires a person accused of a felony to be present at, inter alia, the preliminary hearing and "all other proceedings," unless the accused executes a written waiver of his or her "right to be personally present." The County relied upon this provision in the trial court to argue that, because the defendant's presence was lawfully required under section 977, it also was required for purposes of bail forfeiture under section 1305, subdivision (a)(4).

[4]    The California Supreme Court granted review in *People v. Safety National Casualty Insurance Co.* (2014) 225 Cal.App.4th 438, and *People v. American Contractors Indemnity Co.* (2014) 226 Cal.App.4th 1059, review granted August 13, 2014, S219842, to consider the issue whether section 977, subdivision (b)(1) may be used "to determine whether a proceeding at which a defendant charged with a felony failed to

purposes of bail forfeiture. The court further found that there "was no specific order" for the defendant to appear and that the transcript did not establish that the hearing was a readiness conference within the meaning of California Rules of Court, rule 4.112, which would have meant the defendant's presence was "lawfully required."**5** The court therefore granted Financial Casualty's motion to set aside the summary judgment, vacate the forfeiture, and exonerate the bond. The County timely appealed.

## DISCUSSION

The County contends that the trial court erred in granting Financial Casualty's motion to set aside the summary judgment. Although in the trial court the County relied on section 977, it no longer makes that argument. On appeal the County argues only that the defendant's presence was lawfully required under section 1305 because the date of the hearing appeared on the face of the bond. We are not persuaded.

The parties do not dispute the facts. Because only legal issues are involved, we conduct an independent review. (*People v. Accredited Surety & Casualty Co.* (2012) 209 Cal.App.4th 617, 621 (*Accredited Surety*).) "'"The law traditionally disfavors forfeitures and this disfavor extends to forfeiture of bail. [Citations.] . . ."' [¶] The standard of review, therefore, compels us to protect the surety, and

---

appear was a proceeding at which the defendant was 'lawfully required' to appear for purposes of forfeiting bail under . . . section 1305, subdivision (a)(4)." (See http://appellatecases.courtinfo.ca.gov, site last visited on Sept. 2, 2015.)

**5** California Rules of Court, rule 4.112 provides that in felony cases, the court may hold a readiness conference at which "[t]he defendant must be present in court." (Cal. Rules of Court, rule 4.112(a)(3).)

4

more importantly the individual citizens who pledge to the surety their property on behalf of persons seeking release from custody, in order to obtain the corporate bond.' [Citation.]" (*People v. Western Ins. Co.* (2013) 213 Cal.App.4th 316, 321 (*Western*).)

"A jailer may accept bail from an arrestee and set the time and place for his appearance. ( . . . § 1269b, subd. (a).) If an arrestee 'fails to appear at the time and in the court so ordered upon his or her release from custody, Sections 1305 and 1306 apply.' (§ 1269b, subd. (h).)" (*People v. American Surety Ins. Co.* (2009) 178 Cal.App.4th 1437, 1439 (*American Surety*), fn. omitted.)

"Section 1305, subdivision (a) provides, in pertinent part: 'A court shall in open court declare forfeited the undertaking of bail or the money or property deposited as bail if, without sufficient excuse, a defendant fails to appear for any of the following: [¶] (1) Arraignment. [¶] (2) Trial. [¶] (3) Judgment. [¶] (4) Any other occasion prior to the pronouncement of judgment if the defendant's presence in court is lawfully required. . . .'" (*People v. Indiana Lumbermens Mutual Ins. Co.* (2011) 194 Cal.App.4th 45, 48.) "[T]here must be a court order to appear. Without such an order, the court lacks jurisdiction to forfeit bail for failure to appear. [Citation.]" (*Accredited Surety*, *supra*, 209 Cal.App.4th at p. 622.)

Thus, "'[w]hen a person for whom a bail bond has been posted fails without sufficient excuse to appear as required, the trial court must declare a forfeiture of the bond. [Citation.] The surety that posted the bond then has a statutory "appearance" period in which either to produce the accused in court and have the forfeiture set aside, or to demonstrate other circumstances requiring the court to vacate the forfeiture. If the forfeiture is not set aside by the end of the appearance period, the court is required to enter summary judgment against the surety. [Citation.]' [Citation.]" (*Western*, *supra*, 213 Cal.App.4th at p. 322.)

5

The County contends that the defendant was lawfully required to appear on January 3, 2013, because "[i]t was the date that had been set by the court at her arraignment, and when she was released from custody, it was the date that appeared on her bond." The County cites no authority to support its position that filling in the date in the designated space on the bond form means a defendant's presence in court is "lawfully required" within the meaning of section 1305. Although we have found no authority addressing this exact question, we find *American Surety*, *supra*, 178 Cal.App.4th 1437 and *People v. Ranger Ins. Co.* (2006) 145 Cal.App.4th 23 (*Ranger*) analogous. In reliance on these cases, we conclude that a notation on the bail bond form that the defendant was ordered to appear in court on a certain date does not mean the defendant was "lawfully required" to appear for purposes of bail forfeiture under section 1305.

In *American Surety*, the surety posted bond for the release of an accused. The district attorney filed a complaint and an arraignment letter addressed to the accused, stating that "a complaint had been filed and 'you are hereby notified to appear' to enter a plea" on a certain date, but there was no evidence the letter was mailed or received. (*American Surety*, *supra*, 178 Cal.App.4th at p. 1439.) When the accused failed to appear, the trial court declared bail forfeited and denied a motion to vacate the forfeiture. On appeal, the surety argued the court lacked jurisdiction to order forfeiture of bail because no court order directed the accused to appear, and the district attorney's letter was not a substitute. The appellate court agreed, stating that "[t]here was no court order . . . and the district attorney's notice to appear was not a substitute." (*Id.* at p. 1440.) The court therefore reversed, noting that the People had offered no authority for the proposition the prosecutor's letter was sufficient. (*Id.* at p. 1441.)

In *Ranger*, the court rejected the People's argument that notices from the police department advising the accused of her arraignment date were court orders requiring the defendant's presence within the meaning of the bail forfeiture statute. (*Ranger*, *supra*, 145 Cal.App.4th at p. 30.) The court stated "that is not what they are, and no sleight of hand can transform them into something they are not." (*Ibid.*) Similar to the prosecutor's letter in *American Surety* and the police department letter notifying the accused of her arraignment in *Ranger*, a bail bond form with the date of the hearing filled in simply is not a court order.

The County cites section 1269b, subdivision (a) to argue, without explanation, that "a defendant is lawfully required to appear on the date shown on the bond."**[6]** The statute does not address forfeiture of bail, which undisputedly is governed by section 1305. Nor does the statute state that the defendant is lawfully required to appear in court on the date appearing on the bond or he or she risks forfeiture of the bond. Section 1269b does not address the question we face here.

The County argues that it would be "burdensome and unnecessary" to require a court to advise a defendant, "'in the event that you are released on bond between now and the next hearing, you are ordered to return.'" Yet there are

---

**[6]**　　Section 1269b, subdivision (a) provides in full: "The officer in charge of a jail in which an arrested person is held in custody, an officer of a sheriff's department or police department of a city who is in charge of a jail or is employed at a fixed police or sheriff's facility and is acting under an agreement with the agency that keeps the jail in which an arrested person is held in custody, an employee of a sheriff's department or police department of a city who is assigned by the department to collect bail, the clerk of the superior court of the county in which the offense was alleged to have been committed, and the clerk of the superior court in which the case against the defendant is pending may approve and accept bail in the amount fixed by the warrant of arrest, schedule of bail, or order admitting to bail in cash or surety bond executed by a certified, admitted surety insurer as provided in the Insurance Code, to issue and sign an order for the release of the arrested person, and to set a time and place for the appearance of the arrested person before the appropriate court and give notice thereof."

numerous advisements trial courts are required to give criminal defendants in order to protect their rights.  (See, e.g., *People v. Cross* (2015) 61 Cal.4th 164, 170 [when a criminal defendant enters a guilty plea, "the court must inform the defendant of three constitutional rights – the privilege against compulsory self-incrimination, the right to trial by jury, and the right to confront one's accusers," and "the same requirements of advisement and waiver apply when a defendant admits the truth of a prior conviction allegation that subjects him to increased punishment"]; *People v. Davis* (2014) 226 Cal.App.4th 1353, 1367, fn. 4 ["Section 1016.5 imposes an obligation on trial courts to advise criminal defendants of the immigration consequences of pleading guilty or nolo contendere."].)

We recognize that, "[w]hile bail bond proceedings occur in connection with criminal prosecutions, they are independent from and collateral to the prosecutions and are civil in nature.  [Citation.]"  (*People v. American Contractors Indemnity Co.* (2004) 33 Cal.4th 653, 657.)  Nonetheless, "[t]he object of bail and its forfeiture is to insure the defendant's attendance and his or her obedience to the orders and judgment of the court.  [Citation.]  The purpose is not to either provide revenue to the state or punish the surety.  [Citation.]  . . .  Thus, the statutes dealing with forfeiture of bail bonds must be strictly construed in favor of the surety to avoid the harsh results of forfeiture.  [Citation.]"  (*Accredited Surety*, *supra*, 209 Cal.App.4th at p. 621.)  Requiring the court to order the defendant to appear at a hearing in compliance with the bail forfeiture scheme is consistent with these principles and is not unnecessarily burdensome.

For the foregoing reasons, we affirm the order of the superior court setting aside summary judgment, vacating forfeiture and exonerating bail.

**DISPOSITION**

The judgment is affirmed. Financial Casualty is entitled to costs on appeal.

**CERTIFIED FOR PUBLICATION**


WILLHITE, J.


We concur:



EPSTEIN, P. J.



MANELLA, J.

9